IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

BEAUFORT DIVISION

| | |
|---|---|
| Dan M. McDonald; and<br>Joanne B. McDonald,<br><br>               Plaintiffs,<br><br>vs.<br><br>Jason Stout, Individually and in his<br>capacity as Agent; Employee of American<br>Security Insurance Company, a Subsidiary<br>of Assurant, Inc.; Assurant, Inc.; Kenneth<br>Nix, Individually and in his capacity of<br>employee of American Bankers Insurance<br>Company of Florida; and American<br>Bankers Insurance Company of Florida,<br><br>               Defendants. | Civil Action No. 9:08-1873-SB-GCK<br><br>**REPORT OF MAGISTRATE JUDGE** |



      The plaintiffs are proceeding in this action *pro se*. On May 14, 2008, the defendants filed a motion to dismiss. On May 16, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiffs were advised of the summary judgment procedure and the possible consequences if they failed to respond adequately. Despite this explanation, the plaintiffs have elected not to respond to the motion.

      As the plaintiffs are proceeding *pro se*, the court filed a second order on June 23, 2008, giving the plaintiffs an additional twenty days in which to file their response to the motion for summary judgment. The plaintiffs were specifically advised that if they failed to respond, this action would be dismissed for failure to prosecute. The plaintiffs elected not to respond.

Based on the foregoing, it appears the plaintiffs no longer wish to pursue this action. Accordingly, it is recommended that this action be dismissed for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989), *cert. denied*, 493 U.S. 1084 (1990).

George C. Kosko
United States Magistrate Judge

July 21, 2008

Charleston, South Carolina

2

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).